I concur with Judge Crawley's dissent as it relates to the punitive damages award. However, I find the compensatory damages award also to be excessive.
As the trial judge correctly stated in his instructions to the jury:
 "The measure of damages for a conversion of personal property is the value of the property as of the date of the conversion or the value of the property at any time between the date of the conversion and the date of trial, whichever is greater, with interest at the rate of six percent per annum from the date of the conversion."
Before the trial, Liberty National refunded all contested premiums to Caddell, paid him the entire cash value of the allegedly converted property, and paid interest on the disputed funds. Thus, the issue of compensatory damages for the alleged conversion was effectively resolved before the trial began. The trial judge acknowledged this in his instructions, when he said that mental anguish was the only element of compensatory damages that the jury should be concerned with in this case.
I believe that in order to recover for mental anguish the plaintiff should have to show more than mere disappointment, anger, worry, aggravation, resentment, or embarrassment. The record in this case does not reveal that Caddell's emotional suffering ever reached anything more than ordinary anger, frustration or aggravation. Even when viewing the evidence presented from the plaintiff's perspective, I do not find a $50,000 award for mental anguish to be supported by the record.
I am mindful of the line of thinking that holds that there is no yardstick with which to measure awards of compensatory damages for mental suffering. However, I feel that common sense must be a guiding factor. The award of $50,000 for mere aggravation and anger is excessive and, like the punitive damages award, appears to be a passionate exercise by the jury. I would have reversed on the issue of mental anguish, or at the very least, remanded to the trial court for an order of remittitur. Therefore, I respectfully dissent.